UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
DOMINIQUE MOTA,                                          Civil Action No.:

                              Plaintiff,

              -against-                                  **COMPLAINT**

PERFORMANT RECOVERY, INC.,                               **DEMAND FOR JURY TRIAL**

                              Defendant.
-----------------------------------------------------------------X

        Plaintiff, DOMINIQUE MOTA ("Plaintiff"), by and through her attorneys, The Law

Office of Alan J. Sasson, P.C., as and for her Complaint against the Defendant, PERFORMANT

RECOVERY, INC. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and

alleges, upon information and belief, the following:

### <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

        1.      Plaintiff brings this action on her own behalf for damages and declaratory and

injunctive relief arising from the Defendant's violations of §1692 et seq. of Title 15 of the United

States Code, commonly referred to as the Fair Debt Collections Practices Act.

### <u>PARTIES</u>

        2.      Plaintiff DOMINIQUE MOTA is a resident of the State of New Jersey, County of

Warren

        3.      Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15

USC §1692a(3).

        4.      Defendant PERFORMANT RECOVERY, INC. is a Texas corporation with its

principal place of business located at 2763 Southwest Blvd, San Angelo, TX 76904.

        5.      Defendant is a "debt collector" as the phrase is defined and used in the FDCPA

under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.     Upon information and belief, Defendant, on behalf of a third-party, or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff sometime in early 2014, calling from a variety of phone numbers including (325)224-6341, which number belongs to the Defendant.

10.     Upon information and belief, and as better known to the Defendant, the Defendant would continuously call the Plaintiff on her cellular phone and home phone, including during working hours.

11.     The Defendant was repeatedly advised that they were calling the Plaintiff during her working hours which was inconvenient to him, that the Plaintiff's work prohibited such calls during working hours, and that the Defendant was requested to cease contacting the Plaintiff while she was at work.

12.     Defendant ignored the request to cease contacting the Plaintiff while he was at work, specifically by calling her during working hours, with at least one such call occurring on or

about July 2, 2014.

## FIRST CAUSE OF ACTION

### *(Violations of the FDCPA)*

13.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14.     15 U.S.C. § 1692c(a) provides that "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known *or which should be known to be inconvenient to the consumer*…..;

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15.     Defendant contacted the Plaintiff at her work even after it knew that such contact was inconvenient to the Plaintiff and was prohibited by the Plaintiff's employer.

16.     Defendant accordingly violated 15 U.S.C. § 1692e(c) in contacting the Plaintiff at a time known to the Defendant as inconvenient to the Plaintiff, and by contacting the Plaintiff at work, even though the Defendant knew that the Plaintiff's employer prohibited such contacts during working hours.

## DEMAND FOR TRIAL BY JURY

17.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its

Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

A.      For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.      For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.      For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.      For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.      A declaration that the Defendant's practices violated the FDCPA;

F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      New York, New York
                August 14, 2014

Respectfully submitted,

By:__/s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
Law Office of Alan J. Sasson, P.C.
1669 East 12th Street
Brooklyn, New York 11229
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for the Plaintiff*
*Dominique Mota*